No.  10,311—10,312
Orleans

### SUCCESSION OF DUCATEL

(May 10, 1926.  Opinion and Decree.)
(June 7, 1926.  Rehearing Refused.)
(Oct. 5, 1926.  Writs of Certiorari and Review Denied by Supreme Court.)

*(Syllabus by the Court.)*
1. **Louisiana Digest—Taxation—Par. 358.**
Where the description of property bought out at a tax sale is uncertain resort will be had to the title of the tax debtor to identify the property.

2. **Louisiana Digest—Taxation—Par. 362.**
A purchaser at a tax sale who takes possession of the wrong property can not be maintained in his possession against the claims of the lawful owners no question of prescription being involved.

Appeal from Civil District Court for the Parish of Orleans, Division "E".  Hon. William H. Byrnes, Judge.

Action in effect a petitory action involving the question whether certain lots belong to Succession of C. G. Ducatel and Billaud.

There was judgment declaring Bordes to have no title and Bordes appealed.

Judgment affirmed.

J. B. Kosser, Jr., of New Orleans, attorney for plaintiff, appellant.

D. V. Dusson, of New Orleans, attorney for defendant, appellee.

Felix Puig, of New Orleans, curator ad hoc.

### OPINION.

WESTERFIELD, J.  This· suit is in effect a petitory action and involves the title to two adjoining lots in square 1055 (formerly 81) bounded by Bourbon (formerly Bagatelle) street, Miro (formerly Liberman) street, St. Anthony and Galvez (formerly Genius) street.

The question presented is whether the lots belong to the Succession of Ducatel and Billaud, in the proportion of one lot each, on the one hand, or to Joseph Bordes on the other.

Both Ducatel and Billaud have long since died and their successions were opened in the old probate court and lately trans-

ferred to the Civil District Court. On February 26, 1925, an order was obtained in the Succession of Ducatel, No. 155,679, Civil District Court, by which one of the lots was sold at public sale early in March, 1925, to pay debts of the succession, and on the same day, a similar order was obtained in the Succession of Louis Charles Andre Billaud, No. 21,608, Civil District Court, by which the other lot was to be sold on the same day to effect a partition. These proceedings represented sudden activity in the two successions, which were long inactive and were caused by the zeal of counsel who informed those interested in the two successions of his belief that their title to the lots in question was valid and took this direct method of provoking the issue.

Under the authority of these orders the lots were advertised for sale and signs announcing the sale placed on the property. At this juncture Joseph Bordes filed injunction proceedings in both successions and obtained a restraining order preventing the sale of the property upon the ground that the lots belonged to him. A rule to dissolve the restraining order was filed in each succession and consolidated for hearing in Division "E" of the Civil District Court. Upon the trial of this issue it was agreed that in view of Bordes having proven possession for more than one year the case should be tried as a petitory action with the successions as plaintiffs and Bordes as a defendant. Considered in this form the issue was determined in favor of the title of successions of Billaud and Ducatel and against Bordes and Bordes has appealed.

The Succession of Ducatel and the Succession of Billaud each claim one lot under a private sale. Bordes claims under a tax sale. Without going into the history of the titles of the two successions at this time it is sufficient now to say that their title is good unless divested by the tax title under which Bordes claims. It is admitted that Bordes acquired under a valid tax sale but it is contended that he bought different property and not the lots in controversy here. By act before P. D. Olivier, notary public, dated June 28, 1922, Bordes purchased, at a tax sale, from the City of New Orleans, pursuant to the provisions of Act 119 of 1882 and Act 170 of 1898, for the city taxes for the year 1921, the following property assessed in the name of Joseph Cortinas:

"Four lots of ground and improvements thereon, situated in the Third District of the City of New Orleans, designated as lots 5/8 in square 1055 bounded by Bourbon, Grant, Miro and St. Anthony streets and measuring 120 feet front on Bourbon street by 120 feet in depth."

This description identifies the property sold as being in square 1055 and facing Bourbon street, but does not otherwise locate the property. Upon the principle that that is certain which can be made certain, we turn to the title of Joseph Cortinas in whose name the property was assessed when sold to Bordes for the city taxes of 1921. Cortinas bought at a tax sale on August 15, 1911, by act before John P. Sullivan, notary public, under the identical description, the property at that time being in the name of Francois Lacroix.

Francois Lacroix and Etienne Cordeviole acquired "two lots of ground situated in the Suburb Marigny having each 30 feet in front on Bagatelle street between Genie and Liberaux streets, by 120 feet deep F. M., which two lots make the original lot 6 in square 81 on plan by Joseph Pille, city surveyor, on the 25th of June, 1830, by act before William Boswell, notary public, March 17, 1832.

Subsequently, on July 20, 1848, by act before Octave De Armas, Francois Lacroix

acquired the interest of Etienne Corde-viole, his co-owner. Consequently, when the property was sold for taxes assessed in the name of Francois Lacroix to Corti-nas, Lacroix owned the original lot 6 in square 81 (1055) on plan by Joseph Pille, city surveyor.

A certified copy of the Pille plan is in evidence and it shows lot 6 measures sixty feet front on "Rue Bagatelle" (Bourbon St.) and adjoins lot 7 which also measures sixty feet front on Bourbon street and forms the corner of "Rue des Liberaux" (Miro St.) and "Rue Bagatelle" (Bourbon St.) Lot 6 is therefore sixty feet from the corner of Bourbon and Miro streets. It will be observed that the title of Cor-tinas and that of Bordes calls for 120 feet on Bourbon street whereas their author in title Francois Lacroix at no time owned more than sixty feet. We think the ex-planation offered by counsel for the Suc-cessions of Ducatel and Billaud plausible. He says that it is due to an error in the office of the tax assessor who credited Lacroix with the whole of two lots when he acquired only an individual half thereof with his co-vendee Etienne Cordeviole, and with two more lots when he acquired the interest of Cordeviole in the remaining half of the same two lots. Be that as it may the important consideration is the location of the property which we have seen is sixty feet from the corner of Bour-bon and Miro.

We must now examine the title of the adverse claimants of the two successions, parties in this action. Billaud acquired by purchase from Etienne Giraud by act before James Foulhouze, notary public, September 12, 1850. In this act the Bil-laud lot is described as lot No. 1 in square 81 measuring 30 feet front on Bagatelle (Bourbon) street, etc., according to a plan of William Young Lewis, notary public, an-nexed to an act of December 14th, before D. L. McCay or in the language in which it is written "The *lot de terre situe on Nouveau Faubourg Marignay daud l'let No. quatre Vingt Un; let det lot designe par le no un & measurant 30 pieds de face a la rue Bagatelle sur cent pieds de profoundeur; suivant un plan depose en l'etude de William Young Lewis notaire public en cette ville & dont une copie est annexe a un acte du quatorze Decembre 1842, devant D. L. McCay*".

Giraud, Billaud's vendor, acquired the property from Mrs. Joseph Billaud as the sole heir of Joseph Billaud and Joseph Billaud acquired from Seraphin Cucullu by act before D. L. McCay, notary public, dated December 14, 1842, "A certain lot of ground situated in the New Suburb Ma-rigny in square No. 81 and under the num-ber "one" measuring thirty feet front on Bagatelle street by one hundred and twen-ty feet in depth as per plan deposited in in the office of W. Y. Lewis, notary public, in this city, a copy of which said plan is hereto annexed for reference." By refer-ring to the annexed copy of this plan we find lot No. 1 adjoins lot No. 2 and faces 30 feet on Bagatelle street (Bourbon) be-ginning 60 feet from the corner of Genius street (Galvez) and by comparing the copy of this plan which we will call the Lewis plan with the Pille plan we find that lot No. 1 on the Lewis plan is one-half of lot No. 4 on the Pille plan and is ninety feet distant from lot No. 6 of the Pille plan to which we have traced the title of Bordes.

Camille German Ducatel, by act before William Y. Lewis, notary public, dated May 12, 1831, acquired from Ralph Jacobs:

"Two lots of ground situated in the New Suburb Marigny in square 81, marked No. 2 and 3 and measuring each in French measure 30 feet front on Bagatelle street by 120 feet in depth between parallel lines. Said lots being bounded one side by lot No.

1, on the other by lot No. 4 and in the rear by lot No. 16 and are contiguous to each other. The whole as per plan by the city surveyor on the twenty-fifth day of March last annexed to an act passed before the said notary on the seventh instant."

The plan referred to in this act has not been produced but our attention is called to the fact that this same vendor Ralph Jacobs also sold the Billaud lot to one Francis M. Crozat the author of Cucullu's title to whom we traced the Billaud lot and that in that act lot No. 1 was sold "as per plan of city surveyor dated March 25th last". In the act which Billaud acquired from Cucullu the same phraseology is used consequently we conclude that reference is made to the same plan, a copy of which is attached to the Cucullu-Billaud act which we have called the Lewis plan. Our conclusions are that Bordes has no title to the lots in dispute which are admittedly located on Bourbon street beginning at a point sixty feet distant from the corner of Galvez whereas whatever title Bordes has relates to lots on Bourbon street nearer Miro than Galvez and ninety feet distant from the lots, the title of which is considered here.

An attorney's fee of $125.00 was allowed in each succession as well as a small bill for advertising, as damages upon the dissolution of the injunctons. The amount of these damages was fixed by agreement and we are not called upon to consider the allowance.

Bordes has paid some taxes and the costs of some improvements to the property. We will reserve his right to claim the amount of these taxes and improvements in another suit and the judgment appealed from will be and the same is so amended and as thus amended it is affirmed.